IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

McLAUGHLIN BODY COMPANY, a
corporation licensed to do business in Illinois,
                      Plaintiff,
vs.
LITTLE YUKON GREENHOUSE, INC., a corporation
licensed to do business in the State of Minnesota,
and YUKON JACK BUCKET, INC., a corporation
licensed to do business in the State of Minnesota,

                      Defendant.

NO. 02-4057

## CITATION NOTICE

TO:  Yukon Jack Bucket, Inc., c/o CEO, Deloren E. Anderson, 36318 County Rd. 66, Crosslake, MN  56442

Name and address of Attorney for Plaintiff:: James R. Patton, Bozeman, Neighbour Patton & Noe, LLP, 1630 Fifth Avenue, P.O. Box 659, Moline, IL 61266-0659

Amount of Judgment: $130,000.00 plus costs and statutory interest.
Name of person receiving Citation: Deloren E. Anderson

Court:  United States District Court, Central District of Illinois, Rock Island Division, 211 – 19th Street, Rock Island, IL  61201
Court date and time:  **May 18, 2005 at 1:30 p.m.**

NOTICE:  The court has issued a citation against the person (Yukon Jack Bucket, Inc.) named above.  The citation directs that person to appear in court through its CEO to be examined for the purpose of allowing the judgment creditor to discover income and assets belonging to the judgment debtor or in which the judgment debtor has an interest.  The citation was issued on the basis of a judgment against the judgment debtor in favor of the judgment creditor in the amount stated above.  On or after the court date stated above, the court may compel the application of any discovered income or assets toward payment on the judgment.

The amount of income or assets that may be applied toward the judgment is limited by federal and Illinois law.  THE JUDGMENT DEBTOR HAS THE RIGHT TO ASSERT STATUTORY EXEMPTIONS AGAINST CERTAIN INCOME OR ASSETS OF THE JUDGMENT DEBTOR WHICH MAY NOT BE USED TO SATISFY THE JUDGMENT IN THE AMOUNT STATED ABOVE:

(1)    Under Illinois or federal law, the exemptions of personal property owned by the debtor include the debtor's equity interest, not to exceed $2,000 in value, in any personal property as chosen by the debtor; Social Security and SSI benefits: public assistance benefits; circuit breaker property tax relief benefits; the debtor's equity interest, not to exceed $1,200 in value, in any one motor vehicle, and the debtor's equity interest, not to exceed $750 in value, in any implements, professional books, or tools of the trade of the debtor.

(2)    Under Illinois law, every person is entitled to an estate in homestead, when it is owned and occupied as a residence, to the extent in value of $7,500, which homestead is exempt from judgment.
(3)    Under Illinois law, the amount of wages that may be applied toward a judgment is limited to the lesser of (i) 15% of gross weekly wages or (ii) the amount by which disposable earnings for a week exceed the total of 45 times the federal minimum hourly wage.
(4)    Under federal law, the amount of wages that may be applied toward a judgment is limited to the lesser of (i) 25% of disposal earnings for a week or (ii) the amount by which disposable earnings for a week exceed 30 times the federal minimum hourly wage.
(5)    Pension and retirement benefits and refunds may be claimed as exempt under Illinois law.

THE JUDGMENT DEBTOR HAS THE RIGHT AT THE CITATION HEARING TO DECLARE EXEMPT CERTAIN INCOME OR ASSETS OR BOTH. The judgment debtor also has the right to seek a declaration at an earlier date, by notifying the clerk in writing at Clerk, United States District Court, Central District of Illinois, Federal Building, 211 – 19th Street, Rock Island, IL 61204-5230. When so notified, the Clerk of the Court will provide a hearing date and the necessary forms that must be prepared by the judgment debtor or the attorney for the judgment debtor and sent to the judgment creditor regarding the time and location of the hearing. This notice may be sent by regular first class mail.


Dated: March _____, 2005

/s/ James R. Patton
James R. Patton, Attorney for Plaintiff